IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILBUR JONES, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-284 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Wilbur Jones, Jr., an inmate confined at the Pack I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background and Prior Proceedings

On June 6, 2016, following a trial by jury in the 252nd Criminal District Court of Jefferson County, Texas, Petitioner was convicted of sexual assault, Cause No. 15-21285. Petitioner was sentenced to a term of five years' imprisonment.

Petitioner appealed his convictions to the Ninth Court of Appeals in Beaumont, Texas. On February 28, 2018, the intermediate appellate court affirmed the trial court's judgment. *See Jones v. State*, No. 09-16-00178-CR, 2018 WL 1096040 (Tex. App. - Beaumont Feb. 28, 2018, no pet.). Petitioner did not file a Petition for Discretionary Review. *Id.*

On February 15, 2019, Petitioner filed a state Application for Writ of Habeas Corpus. On May 29, 2019, the Texas Court of Criminal Appeals denied the Application without written order. (Doc. 18-16 at *1). Petitioner filed this Petition on June 24, 2019.

The Petition

Petitioner filed this Petition for Writ of Habeas Corpus asserting the following grounds for review: (1) he was denied a fair trial when the state knowingly allowed the use of perjured testimony; (2) he was denied the effective assistance of counsel because counsel failed to object to hearsay; failed to impeach alleged "perjurious testimony;" and failed to object to the court's denial of effective cross-examination; (3) the trial court erred by denying Petitioner time to engage an expert; and (4) the Texas Court of Criminal Appeals erred in ruling on his state Application for Writ of Habeas Corpus.

The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent asserts a general denial, denying all of Petitioner's assertions of fact, except those supported by the record or specifically admitted in the response. The Respondent also contends several grounds for relief were not properly exhausted and are now procedurally barred. The Respondent asserts that the petition should be dismissed because Petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Factual Background

The factual background and evidence presented at trial was summarized by the Ninth Court of Appeals on direct appeal as follows:

> This case arose from an encounter between Jones and J.J.[1] at a senior rehabilitation center. Jones was employed as a part-time caretaker by the family of an elderly resident of the facility, and J.J. was a nurse's aide at the same facility. Jones and J.J. were casual acquaintances and lived in the same neighborhood.
>
> On June 30, 2014, Jones entered the facility at approximately 8:30 p.m. to retrieve items for the resident he cared for, who had recently been admitted to the hospital. Jones saw J.J. at the nurse's station and asked her to accompany him to the resident's

---

[1] To protect the privacy of the victim, we identify her by her intials. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect to the victimi's dignity and privacy throughout the criminal justice process").

room.[2] J.J. agreed, since she needed to attend to the needs of another patient in that room. Surveillance video captured Jones and J.J. entering the room together at 8:41 p.m. While there, Jones retrieved certain items for his patient, and J.J. cleaned the resident assigned to her and helped him into bed.

The evidence concerning what else transpired in the room is disputed. J.J. testified that when they entered the room, Jones kissed and grabbed her. She further testified that she "[k]issed him back a little" before she stopped, told him "it was wrong" and "it didn't feel right." J.J. testified that after the kissing stopped, she cleaned and changed the patient. J.J. testified she began removing her gloves in the bathroom when Jones approached her, pinned her against the wall, and proceeded to sexually assault her. J.J. testified that this occurred despite her protests and her unwillingness to engage in such activity. J.J. further testified that she was scared and pushed Jones off of her. She then quickly walked out of the room and reported the incident to several co-workers.

In a video statement Jones gave to the detective, he indicated he did not touch J.J. inappropriately. Jones said that while they were in the room, he confronted and admonished J.J. about her use of his patient's personal items on the other resident. Jones indicated that when he told J.J. he would report her for doing so, she became hysterical.

Surveillance video shows J.J. exiting the room at 8:47 p.m., followed by Jones shortly thereafter. Jones indicated he left the facility thereafter to take his patient's personal items to the hospital.

That night, after reporting the assault to her co-workers, J.J. met with police officers at the facility and was taken to St. Elizabeth Hospital for an exam by a sexual assault nurse examiner ("SANE"). No male DNA was detected in any of the SANE exam samples.

A grand jury indicted Jones for sexual assault. See Tex. Pen. Code § 22.011 (West Supp. 2017). Jones entered a plea of not guilty and the case was tried to a jury.

During the trial, Jones sought to cross-examine J.J. about a consensual sexual encounter she had with another employee at the facility more than eight months after the alleged assault by Jones. He also sought to admit into evidence three documents relating to that subsequent encounter: (1) a handwritten memorandum prepared by the rehabilitation center administrator and signed by J.J.; (2) a memorandum prepared by J.J. describing the consensual sexual encounter, wherein she reported herself to her supervisor for the inappropriate conduct; and (3) a disciplinary warning dated April 7, 2015, concerning the post-incident sexual encounter. Jones argued that the evidence and cross-examination was allowable and relevant because, during questioning about her assault by Jones, J.J. testified that she felt it was wrong to engage in sexual activity at work.

The trial judge conducted a hearing outside the jury's presence and ruled that the evidence was prohibited under Texas Rule of Evidence 412. The court further found

---

[2] Jones indicated in his statement that it was his practice to have an employee of the facility escort him to his patient's room.

    that the probative value of the evidence was far outweighed by the prejudicial nature of admitting evidence of J.J.'s post-incident sexual behavior. Jones tendered bills of exception for the excluded documents.

    The jury found Jones guilty of sexual assault and sentenced him to five years.

*Jones*, 2018 WL 1096040 at *1-2.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a Petitioner from relitigating issues that were adjudicated on the merits in state court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a Petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

## Analysis

I.  *Exhaustion and Procedural Default*

The Respondent contends the following claims are unexhausted and procedurally barred: Petitioner's claim that trial counsel was ineffective for failing to impeach the victim by showing the jury that Petitioner had caught her stealing from a patient's room (claim 2(b)); Petitioner's claim that trial counsel was ineffective for failing to object to the trial court's limiting the victim's cross-examination (claim 2(c)); and Petitioner's claim that trial counsel was ineffective for failing to object to the trial court's limiting the cross-examination of the victim regarding her "subsequent sexual acts at the facility" (claim 3(b)). As a result, the Respondent asserts that such claims should therefore be dismissed.

A person in custody pursuant to the judgment of a state court generally must exhaust available state habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court in a procedurally proper manner according to the rules of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a Petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the Petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."), *cert. denied*, 543 U.S. 1056 (2005); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("where Petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement").

In order to have "fairly presented" his federal claim, the Petitioner must have reasonably alerted the state courts to the federal nature of his complaint. *Baldwin*, 541 U.S. at 29-33. "A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged

violation of federal rights." *Wilder*, 274 F.3d at 260. Moreover, the court explained that "to hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement." *Id*.

A review of Petitioner's state proceedings reveals that the Respondent is correct in his assertion that Petitioner did not fairly and properly present his claims to the highest state court in a procedurally correct manner. Petitioner failed to raise the claims now asserted on either direct appeal or in his only properly filed state habeas application. Therefore, the Texas Court of Criminal Appeals has not had an opportunity to review petitioner's claims. Accordingly, Petitioner's claims are unexhausted.

If a Petitioner has failed to exhaust state court remedies and the court to which the Petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review, irrespective of whether the last state court to which the petitioner actually presented his claims rested its decision upon an independent and adequate state ground. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991). The Texas abuse-of-the-writ doctrine is an "independent and adequate" state procedural rule. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (holding that the Texas Court of Criminal Appeals has strictly and regularly denied state habeas applications for abuse of the writ since 1994). "Texas' abuse of the writ doctrine is a valid state procedural bar foreclosing federal habeas review." *Coleman v. Quaterman*, 456 F.3d 537, 542 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343, 127 S. Ct. 2030, 167 L.Ed.2d 772 (2007); *Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008). Since Petitioner did not properly raise these claims in his state application for writ of habeas corpus, these claims are procedurally barred. Thus, Petitioner did not exhaust his claims and is procedurally barred from doing so now.

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice or a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). However, Petitioner has failed to demonstrate either cause, prejudice or a

miscarriage of justice. Accordingly, Petitioner is not entitled to federal habeas corpus relief on these grounds for review as the claims were not exhausted and are procedurally barred. Thus, claims 2(b)-(c) and 3(b) should therefore be dismissed.

## II.     Perjured Testimony

Petitioner claims he was denied a fair trial when the state knowingly allowed the use of perjured testimony. Petitioner claims the victim testified falsely in order to bolster her testimony regarding the assault. Petitioner claims that had the witness not testified falsely the jury may have came to a different decision regarding guilt.

The Due Process Clause forbids the state from knowingly using perjured testimony. *See Beltran v. Cockrell*, 294 F.3d 730, 736 (5th Cir. 2002) (citing *Napue v. Illinois*, 360 U.S. 264, 270 (1959)). However, in order for an allegation of perjured testimony to constitute a due process violation, a petitioner must show that the prosecution knowingly presented materially false evidence to the jury. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (citing *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989)).

Here, Petitioner has failed to establish the state knowingly used false testimony. To prevail on a claim that the Government used perjured testimony, Petitioner must show (1) that the evidence presented was false; (2) that the evidence was material; and (3) that the prosecution knew that the evidence was false. *Carter v. Johnson*, 131 F.3d 452, 458 (5th Cir. 1997), *cert. denied* 523 U.S. 1099, 118 S.Ct. 1567, 140 L.Ed.2d 801 (1998). The perjured testimony is material "only where 'the false testimony could in any reasonable likelihood have affected the judgment of the jury.'" *Knox v. Johnson*, 224 F.3d 470, 478 (5th Cir. 2000) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)), *cert. denied*, 532 U.S. 975 (2001). Petitioner cannot satisfy this standard.

Petitioner focuses on a discrepancy in the victim's testimony regarding an alleged first meeting with Petitioner at the "Stop and Drive" years before the assault. The Respondent contends testimony regarding the encounter was unremarkable and not material. Discrepancies in testimony alone do not establish the knowing use of perjured testimony. *Valles v. Lynaugh*, 835 F.2d 126, 127

(5th Cir. 1988); *see also Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001) ("Conflicting or inconsistent testimony is insufficient to establish perjury."). Contrary to Petitioner's contention, the evidence put forth does not establish that the testimony at issue was actually false or that the prosecution had actual knowledge the testimony was allegedly false. Given the record it this case, Petitioner has failed to establish that the prosecution used false testimony. Further, in light of the other evidence against him, Petitioner has failed to show there is a reasonable probability the evidence could have affected the judgment of the jury or that the result of the proceedings would have been different. Accordingly, Petitioner has failed to show a constitutional violation.

To the extent Petitioner may argue that the unknowing use of false testimony violates the Due Process Clause, and assuming, *arguendo*, that the claim is not procedurally barred, such claim is without merit. No Supreme Court case holds that the state's unknowing use of false testimony violates the Due Process Clause. *See Piere v. Vannoy*, 891 F.3d 224, 227-28 (5th Cir. 2018). Thus, to the extent Petitioner may attempt to argue that the state unknowingly presented false testimony, he fails to allege a federal constitutional error. *Id.* at 229.

Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

III.     *Ineffective Assistance of Counsel*

In Petitioner's claims of ineffective assistance of counsel, Petitioner contends counsel was ineffective for failing to object to hearsay testimony that the victim's supervisor was shocked because a lot of aides were saying Petitioner was trying to make a pass at them. Additionally, Petitioner alleges counsel failed to impeach the testimony of the victim regarding several alleged false statements in her testimony.

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986).

The Supreme Court has addressed the issue of what a Petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show that counsel was ineffective a Petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. To establish deficient performance, a Petitioner must show that counsel's actions "fell below an objective standard of reasonableness." *Id*. at 689. In evaluating counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. at 689.

In order to prove the prejudice prong, "there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Coleman v. Vannoy*, 963 F.3d 429, 433 (5th Cir. 2020) (internal quotation omitted). Further, a "petitioner must affirmatively prove, not just allege, prejudice." *Id*. (internal quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington,* 562 U.S. at 104. To satisfy the prejudice prong, the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

In order to prevail on an ineffective assistance of counsel claim, a Petitioner "must meet both the deficient performance and prejudice prongs of *Strickland*." *Wong v. Belmontes*, 558 U.S. 15, 16-

17 (2009). If a Petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

When a Petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

In his first claim, Petitioner contends counsel was ineffective for failing to object to hearsay testimony that the victim's supervisor was shocked because a lot of aides were saying Petitioner was trying to make a pass at them. However, Petitioner has failed to show the hearsay was objectionable because a shocked response would be an excited utterance and, as such, is an exception to the hearsay rule under TEX. R. EVID. 803(2).

It is clear in the Fifth Circuit that "counsel is not required to make futile motions or objections." *See Roberts v. Thaler*, 681 F.3d 597, 611 (5th Cir. 2012); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Thus, Petitioner has failed to

show counsel was deficient for failing to raise a meritless objection to admissible testimony. Moreover, Petitioner has failed to show counsel's failure to object resulted in prejudice in light of the other testimony and evidence against him.

Next, Petitioner alleges counsel failed to impeach the testimony of the victim regarding several alleged false statements made during her testimony. Here, however, Petitioner's claims are conclusory. "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Accordingly, Petitioner's claims are without merit.

The Texas Court of Criminal Appeals rejected Petitioner's claims on habeas review, denying relief. Even assuming, *arguendo*, Petitioner's unexhausted claims are not barred from review in this proceeding, the claims are without merit. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's grounds for relief should be denied.

IV.     *Defects in State Habeas Proceeding*

Finally, Petitioner asserts a ground for relief complaining of a defect in his state habeas proceeding. Petitioner argues that the Texas Court of Criminal Appeals erred in ruling on his state Application for Writ of Habeas Corpus regarding its determination that the trial court did not err in admitting the SANE nurse's photographs.

Claims concerning infirmities in state habeas proceedings are not cognizable on federal habeas review. *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). This court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino*, 168 F.3d at 180. "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). It is well-established that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court . . . because an attack on the state proceedings is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir. 2001). Accordingly, Petitioner's claim fails to state a claim upon which habeas relief may be granted.

## Recommendation

The above-styled Petition for Writ of Habeas Corpus should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 31st day of August, 2022.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE